NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ARMANDO CAMPAS-BURGUENO, AKA CARLOS ARMANDO CAMPAS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 17-71672 Agency No. A205-931-001 MEMORANDUM[*] |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted October 20, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and BERMAN,[***] District Judge.

Petitioner Carlos Armando Campas-Burgueno, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

1

his appeal from an immigration judge's ("IJ") order denying his applications for cancellation of removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

Where, as here, the BIA "conducts its own review of the evidence and law, rather than adopting the IJ's decision, our 'review is limited to the BIA's decision.'" *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "[W]e review de novo the BIA's determinations of questions of law and its legal conclusions." *Id.*

1.     With respect to cancellation of removal, we dismiss the petition for lack of jurisdiction because Campas-Burgueno failed to exhaust his administrative remedies. The IJ denied cancellation of removal on the grounds that Campas-Burgueno abandoned his application by failing to file by the IJ's deadline. The IJ held, alternatively, that Campas-Burgueno was statutorily ineligible for cancellation of removal. In his appeal to the BIA, Campas-Burgueno contested his statutory eligibility. He failed to challenge the IJ's (dispositive) determination that he had abandoned his cancellation of removal application.

Campas-Burgueno has conceded that he "did not challenge the IJ's finding that he had abandoned his application for cancellation." He unconvincingly contends that this issue was nevertheless exhausted because he "challenged the overarching issue of his eligibility for [c]ancellation [of removal]." We may review

a final order of removal if the petitioner has exhausted all administrative remedies available. *See* 8 U.S.C. § 1252(d)(1). "A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Simply stated, "[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987).

2. With respect to voluntary departure, we deny the petition because the BIA did not err in concluding that Campas-Burgueno failed to meet his evidentiary burden to show that he was *not* convicted of a crime involving moral turpitude, where he was convicted under a divisible statute containing "at least one" crime that qualifies as a crime involving moral turpitude and the record is "inconclusive" and "unclear" as to which subsection of the statute applies. Campas-Burgueno's inconclusive record of conviction is insufficient for him to show by a preponderance of the evidence that he was not convicted of a crime involving moral turpitude. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 763 & n.4 (2021) ("[W]here, as here, the alien bears the burden of proof and was convicted under a divisible statute containing some crimes that qualify as crimes of moral turpitude, the alien must prove that his actual, historical offense of conviction isn't among them."); *Marinelarena v.*

3

*Garland*, 6 F.4th 975, 978 (9th Cir. 2021) ("Petitioner's argument rests on ambiguity, and ambiguity is insufficient. 'Just as evidentiary gaps work against the government in criminal cases, they work against' Petitioner in an immigration case like this one." (alteration omitted) (quoting *Pereida*, 141 S. Ct. at 766)). Under *Pereida* and *Marinelarena*, Campas-Burgueno failed to prove his eligibility for voluntary departure.

In his reply brief dated March 23, 2021, Campas-Burgueno's reference to *Pereida* was limited to the following: "[O]n March 4, 2021, the U.S. Supreme Court issued a decision holding that a nonpermanent resident seeking cancellation of removal fails to carry his burden of showing that he has not been convicted of a disqualifying offense where the record of conviction is ambiguous as to whether a disqualifying offense formed the basis of his conviction. . . . Despite this, Mr. Campas remains eligible for relief because . . . [he] has not been convicted of a [crime involving moral turpitude]."[1] In his supplemental brief Campas-Burgueno raises for the first time the issue of remand for the purpose of "submit[ting] evidence and testimony" to show "that he committed his offense with a reckless mens rea." But he made no such request in his opening or reply brief and has therefore waived this issue. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n.1 (9th Cir. 2000) (en

---

[1] *Pereida* was decided nineteen days before Campas-Burgueno's reply brief was due.

banc) ("[S]ince [respondent] failed to raise the issue . . . in its opening and reply brief, this issue was waived *despite the filing of supplemental briefs*." (emphasis added)), *vacated on other grounds sub nom. U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). And, even at this late date, Campas-Burgueno still does not identify any particular evidence he could or would present on remand. *Cf. Pereida*, 141 S. Ct. at 766. Remand, including to allow Campas-Burgueno to submit additional evidence and testimony, is unwarranted here. *Cf. Marinelarena*, 6 F.4th at 978–79.

3.    Campas-Burgueno requested in his appeal to the BIA—but not here— "that his case be remanded so that he can file for Adjustment of Status." Because he presented no argument or issue regarding the BIA's determination that he was ineligible for adjustment of status, he has waived review by this Court of the BIA's determination. *See Tampubolon v. Holder*, 610 F.3d 1056, 1059 n.3 (9th Cir. 2010) ("[P]etitioners failed to raise any issues or advance any arguments in favor of relief . . . . Accordingly, petitioners waived review of their . . . claim.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**